**Michael Louis PROKOPUK, Appellant,**

v.

**Mary Lizabeth OFFENHAUSER, Appellee.**

No. 01–90–00167–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 11, 1990.

Rehearing Denied Nov. 8, 1990.

Joseph Saranello, Lee P. McMillan, Houston, for appellant.

George Luquette, Tom Lambright, Houston, for appellee.

Before EVANS, C.J., and O'CONNOR and HUGHES, JJ.

OPINION

HUGHES, Justice.

This is an appeal from a judgment terminating appellant's parental rights. We reverse.

Appellant filed suit in February 1988, seeking to legitimate a child born to appellee in January 1986, and asking the court to enter appropriate orders for conservatorship and support of the child.

Appellee filed a general denial, and later filed an amended answer and cross-action for termination of appellant's parental rights. A jury found in favor of appellant on the issue of paternity, but found that appellant's parental rights should be terminated. In four points of error, appellant complains about the termination of his parental rights.

In his first point of error, appellant contends the trial court erred in overruling the child's attorney ad litem's motion to dismiss appellee's cross-action for termination because, prior to the determination of appellant's paternity, no duty to support the child had devolved upon appellant.

To terminate parental rights, there must first be a finding that a parent has committed one of 13 enumerated acts set out in TEX.FAM.CODE ANN. § 15.02(1) (Vernon Supp.1990). *Richardson v. Green,* 677 S.W.2d 497, 499 (Tex.1984); *Holley v. Adams,* 544 S.W.2d 367, 370 (Tex.1976); *Wiley v. Spratlan,* 543 S.W.2d 349, 350, 351 (Tex.1976).

In parent-child termination cases, there is a strong presumption that the child's best interest is served by keeping it with its natural parent. *Wiley,* 543 S.W.2d

at 352. The natural rights existing between a parent and child are of constitutional dimensions. *Wisconsin v. Yoder*, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972); *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1972). This natural right has been characterized as "essential," "a basic civil right of man," and "far more precious than property rights." *See Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1976). Consequently, involuntary termination proceedings must be strictly scrutinized. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex.1985); *Holley*, 544 S.W.2d at 370.

In a suit in which the termination of the parent-child relationship is sought, each finding required for termination of the parent-child relationship must be based on clear and convincing evidence. TEX.FAM. CODE ANN. § 11.15(b) (Vernon 1985). *See also Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *In re G.M.*, 596 S.W.2d 846, 847 (Tex.1980). "Clear and convincing" is an intermediate standard of proof requiring greater persuasive force than the preponderance of the evidence standard used in civil cases, but less persuasive force than the reasonable doubt standard used in criminal cases, and there is no requirement that the evidence be unequivocal or undisputed. *Clark v. Dearen*, 715 S.W.2d 364, 365 (Tex. App.—Houston [1st Dist.] 1986, no writ); *Brantmeier v. Brazoria Protective Serv. Unit*, 661 S.W.2d 234, 235 (Tex.App.— Houston [1st Dist.] 1983, no writ). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Clark*, 715 S.W.2d at 365; *In re C.D.*, 664 S.W.2d 851, 852 (Tex.App.—Fort Worth 1984, no writ).

▮ Appellee asserted in her cross-action that appellant's parental rights should be terminated because: (1) appellant voluntarily left the child alone or in the possession of another without providing adequate support for the child and remained away for a period of at least three months; (2) he failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; (3) he voluntarily, and with knowledge of the pregnancy, abandoned her during her pregnancy and through the birth; and (4) failed to provide adequate support or medical care for her or the child during that time. *See* TEX.FAM. CODE ANN. § 15.02(1)(C), (F), and (H) (Vernon Supp.1990).

Appellant contends, however, that because, at the time of trial, his paternity had not yet been established, he had no duty to take any of the action set out above. He argues that until there is a determination that he is the father of the child, he has no obligation to support the child.

Appellee disagrees with this assertion, contending that appellant's parental rights can be terminated before his paternity has been established. Appellee relies on *Estes v. Dallas County Child Welfare Unit*, 773 S.W.2d 800, 802 (Tex.App.—Dallas 1989, writ denied), as authority for the premise that § 15.023 of the family code "undoubtedly elevates an alleged or probable father's status under Title II to that of a parent such that his alleged parental rights or parent-child relationship may in fact be terminated under § 15.02."

Appellee misinterprets both *Estes* and § 15.023. *Estes* focused on whether the appellant's answer, which included a statement he was an "indigent" parent, was sufficient to constitute a timely filed admission of paternity under § 15.023. *Estes*, 773 S.W.2d at 801. The case did not address whether § 15.023 "elevates" a probable father's status to that of a parent so as to enable the court to terminate the individual's parental rights.

§ 15.023 refers to the *rights* of probable fathers as to their illegitimate children; it does not deal with the *duties* of a probable father prior to the time paternity has been established. Section 15.023 provides that

[t]he procedural and substantive standards for termination of parental rights under Title 2 of this code shall apply to the termination of the *rights* of an alleged or probable father with respect to a child who has no presumed father. In

addition, the rights of an alleged or probable father with respect to a child who has no presumed father may also be terminated if, after being served with citation in a suit affecting the parent-child relationship, the alleged or probable father does not respond by timely filing an admission of paternity or by filing a counterclaim for paternity or for voluntary paternity to be adjudicated under Chapter 13 of this code prior to the final hearing in the suit.

TEX.FAM.CODE ANN. § 15.023 (Vernon Supp. 1990) (emphasis added).

Appellee's reliance on *Estes* and § 15.023 underscores her misunderstanding of appellant's point of error. Appellant is not arguing that he was not conferred the same *rights* as a presumed father, rather, he is asserting he had no *duty* to act as a parent, i.e. support the child, until his paternity had been established.

Appellant's argument was recently addressed by the El Paso Court of Appeals in *Jimenez ex rel. Little v. Garza*, 787 S.W.2d 601 (Tex.App.—El Paso 1990, no writ). There, the court held that

> [t]here is no enforceable obligation to support an illegitimate child prior to the establishment of paternity ... Certainly, no duty [to support a child] would arise if a father does not know of an illegitimate child. And there would be no duty arising in the absence of a court order, where a father has doubts as to his paternity.

787 S.W.2d at 603.

Here, appellant testified that he asked appellee if he was the father of her child. Appellee never would confirm to appellant that he was the father, and indeed, denied his paternity throughout the trial. The child's birth certificate is blank as to the father's name. We cannot say that appellant knew he was the father of the child until such time as the court entered an order establishing his paternity. We agree with our sister court and hold that where a father has doubts as to his paternity, there is no enforceable obligation to support an illegitimate child before paternity is established. Accordingly, because in this case,

appellant had no duty to support the child, his alleged failure to support the child cannot be used as grounds for termination pursuant to § 15.02(1).

Because appellee has failed to carry her burden of proof by showing, through clear and convincing evidence, that appellant committed one of the enumerated acts in § 15.02(1), appellant's first point of error is sustained. We reverse and render the portion of the trial court's judgment that terminated appellant's parental rights. We remand to the trial court for further proceedings consistent with the establishment of the parent-child relationship between appellant and the minor child.

Because we sustain appellant's first point of error, it is unnecessary to address his remaining points of error.