Eastman v. Willowick Apts.

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-305-CV

ROSAMOND EASTMAN APPELLANT

V.

WILLOWICK APARTMENTS APPELLEE

------------

FROM THE COUNTY COURT AT LAW OF COOKE COUNTY

------------

OPINION
 
AND JUDGMENT

------------

The court has considered appellant Rosamond Eastman’s unopposed motion to dismiss this appeal in accordance with the parties’ settlement agreement and is of the opinion that the motion should be granted.  Accordingly, we dismiss the appeal.  
See
 
Tex. R. App. P.
 42.1(a)(1), 43.2(f).  We also grant the motion to withdraw as attorney of record filed by Eastman’s counsel, Larry E. Meadows.  We deny as moot Eastman’s pro se motion for extension of time to file her appellate brief.

In accordance with their agreement, the parties shall each bear their own costs of appeal, for which let execution issue.  
See
 
Tex. R. App. P.
 42.1(d).

JOHN CAYCE

CHIEF JUSTICE

PANEL D: CAYCE, C.J.; WALKER and MCCOY, JJ.

WALKER, J. filed a dissenting opinion.

DELIVERED: May 6, 2004

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-305-CV

ROSAMOND EASTMAN APPELLANT

V.

WILLOWICK APARTMENTS APPELLEE

------------

FROM THE COUNTY COURT AT LAW OF COOKE COUNTY

------------

DISSENTING OPINION

------------

Because this court lacks authority to dismiss appellant’s appeal, I respectfully dissent.

Eastman’s attorney filed a joint motion to dismiss her appeal, but four days later Eastman filed a pro se motion to extend the time to file her brief stating, “I, appellant Rose Eastman was not aware that I would be giving up the right to not pursue my appeal. . . . [A]ppellant is respectfully pleading that I be given an extension to find other counsel to address the matter before the court.”  It is therefore clear that Appellant Eastman is not in agreement with her counsel’s motion to dismiss her appeal.  Thus, the appeal cannot be dismissed under the voluntary dismissal rule, rule 42.1.  
Tex. R. App. P.
 42.1.  Nor are any of the grounds for involuntary dismissal under rule 42.3 present in this case: want of jurisdiction, want of prosecution, or failure to comply with a requirement of the appellate rules, a court order, or a notice from our clerk.  
Tex. R. App. P.
 42.3.  Therefore, I cannot agree with the majority that the motion to dismiss filed by Eastman’s attorney, to which Eastman specifically objected, authorizes the dismissal of her appeal.

SUE WALKER

JUSTICE

DELIVERED: May 6, 2004

COMMENTS AND ANNOTATIONS
Comment 1:
Majority Opinion by Chief Justice Cayce; Dissenting Opinion by Judge Walker