

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00024-CV

PAMELA LOU BURDEN, Appellant

V.

STEVEN BRADLEY BURDEN, Appellee

On Appeal from the 62nd District Court
Delta County, Texas
Trial Court No. 10614

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

O P I N I O N

Pamela Sue Burden appeals from an order declaring that she and Steven Bradley Burden were not common-law married. We find no error and affirm.

## I.  Background

In 1998, Steven and Pamela were ceremonially married. They formally divorced on September 24, 2002, in Delta County. Pamela testified that although she was aware of the divorce, Steven told her it did not mean anything. Thereafter, they spent some time living together, although the evidence of the length of time and the nature of their relationship is inconsistent. Steven testified that several years after the divorce, Pamela told him she needed a place to live. Since Steven owned a home in Delta County, which he acquired in August 2011, he allowed her to move into the house with him.[1] After a short period of time, Pamela refused Steven's request that she leave the home.

According to Steven, he moved out of the house to avoid conflict. Ultimately, Steven attempted to evict Pamela from the residence, but she resisted such efforts and claimed their common-law marriage vested her with an ownership interest in the house.

Several witnesses testified that Pamela and Steven lived together for several years, that she helped him with food stamps and meal preparation, and that Pamela's grandchildren considered Steven to be their grandfather. The trial court acknowledged that the evidence showed they had resided together and attempted to refocus Pamela into lines of evidence that might be relevant to establishing a common-law marriage.

---

[1]Pamela claims she moved into the house before Steven.

2

The trial court sustained hearsay objections to several of Pamela's proffered exhibits: insurance documents, her father's newspaper obituary (indicating that Steven was her husband), joint account bank statements from 2007, and letters from Steven's brother in prison that were addressed to Mr. and Mrs. Steven Burden. Steven also testified that he was unable to read or write and that Pamela may have placed his name on documents without his knowledge. Tax returns for several years after 2002 showed that Steven filed individually and claimed Pamela's granddaughter as a dependent. Pamela contends that the trial court erred by finding that an informal or common-law marriage did not exist between the parties.

## II.    Common-Law Marriage

In this bench trial, no findings of fact or conclusions of law were requested or filed. In that circumstance, we imply all findings of fact necessary to support the judgment. *See, e.g.*, *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When the appellate record includes the reporter's record, the trial court's factual findings, whether express or implied, are not conclusive and may be challenged for legal and factual sufficiency. *Id.* These findings of fact have the same weight as a jury's verdict. *Amador v. Berrospe*, 961 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. denied). We review the sufficiency of the evidence supporting the findings by applying the same standards we use in reviewing the legal or factual sufficiency of the evidence supporting jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Puntarelli v. Peterson*, 405 S.W.3d 131, 134 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

3

### A.     Evidentiary Standard of Review

Though the fact-finder found to the contrary, Pamela is entitled to reversal and rendition of the judgment in her favor if she has established a common-law marriage as a matter of law. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (explaining that party attacking legal sufficiency of adverse finding on issue on which party bears burden of proof "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue" and that party may prevail on appeal only if no evidence supports finding and "the contrary proposition is conclusively established"); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 815–16 (Tex. 2005) (explaining nature of conclusive evidence); *Jones v. Pesak Bros. Const., Inc.*, 2013 WL 4824453, at \*4 (Tex. App.—Houston [1st Dist.] Sept. 10, 2013, no pet. h.).

In our review, we first examine the record to determine if there is some evidence to support the finding; if so, then we must determine whether the failure to find is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.*, 223 S.W.3d 1, 14 (Tex. App.—El Paso 2005, pet. denied). We will not interfere with the fact-finder's resolution of conflicts in the evidence or its determination of the weight and credibility attributed to witness testimony, as these determinations are generally considered conclusive. *Navarrete v. Williams*, 342 S.W.3d 116, 122 (Tex. App.—El Paso 2011, no pet.). The fact-finder faced with conflicting evidence may choose which witnesses to believe and may resolve inconsistencies in any witness' testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

4

### B. Requirements for an Informal or Common-Law Marriage

An informal or common-law marriage exists in Texas if the parties (1) agreed to be married, (2) lived together in Texas as husband and wife after the agreement, and (3) represented to others that they were married. *See* TEX. FAM. CODE ANN. § 2.401(a)(2) (West 2006); *Russell v. Russell*, 865 S.W.2d 929, 932 (Tex. 1993); *Crenshaw v. Kennedy Wire Rope & Sling Co.*, 327 S.W.3d 216, 222 (Tex. App.—San Antonio 2010, no pet.). The existence of an informal marriage is a fact question, and the party seeking to establish existence of the marriage bears the burden of proving the three elements by a preponderance of the evidence. *Weaver v. State*, 855 S.W.2d 116, 120 (Tex. App—Houston [14th Dist.] 1993, no pet.). An informal marriage does not exist until the concurrence of all three elements. *Eris v. Payne*, 39 S.W.3d 708, 714 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). To establish that the parties agreed to be husband and wife, it must be shown that they intended to create an immediate and permanent marriage relationship, not merely a temporary cohabitation that may be ended by either party. *Id.*

At one time, Pamela and Steven were formally married, until their divorce was granted in September 2002. Uncontroverted evidence shows that Pamela and Steven lived together in the State of Texas for some period of time after the divorce. Some relatives continued to treat them as a married couple. Several years later, at Pamela's request, Steven invited Pamela to live with him in his home. Pamela did not testify that she and Steven agreed to be married after their divorce, but only that she considered them to be in a marriage relationship and that Steven told her there were no changes in their relationship.

5

Steven, however, testified to the contrary.  He acknowledged the original marriage but testified that after the divorce, he and Pamela did not agree to be married or live together as husband and wife and that he never represented to anyone that they were married.  He believed that her occupancy of his home was temporary.

One element of a common-law or informal marriage is that the man and wife agreed to be married.  TEX. FAM. CODE ANN. § 2.401(a)(2).  An agreement to be married cannot be inferred from the mere evidence of cohabitation and representations of marriage to others, but such evidence may be circumstantial evidence of an agreement to be married.  *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993).  The circumstances of each case must be determined from the facts of that case. *Id.*

Here, the evidence pertaining to an agreement to be married was controverted.  There was no direct evidence that these parties agreed to be married after the divorce was granted.  At most, Pamela testified that Steven said that the divorce "meant nothing" and "everything would be the same."  Steven specifically denied ever agreeing to a marriage with Pamela after the divorce was entered.  The evidence does not establish all elements of a common-law marriage as a matter of law.  Further, the failure to find that a common-law marriage was established is not so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.  The trial court heard the evidence and resolved any conflict by granting the declaratory judgment.  The record contains evidence supporting the verdict.  The contention of error is overruled.

We affirm the judgment of the trial court.


                                        Jack Carter
                                        Justice

Date Submitted:        December 23, 2013
Date Decided:          December 31, 2013