

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00089-CV

PAMELA LOU BURDEN, Appellant

V.

STEVEN BRADLEY BURDEN, Appellee

On Appeal from the County Court
Delta County, Texas
Trial Court No. 1942

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Pamela Lou Burden, the ex-wife of Steven Bradley Burden, appeals her eviction from his Delta County house, by claiming common-law marriage, denial of a fair trial, and a continued right to possession during this appeal due to indigence. We affirm the eviction, because (1) Pamela is not entitled to stay in possession during this appeal, (2) the lack of a common-law marriage has been established, and (3) Pamela has not established the lack of a fair trial.

Steven had invited Pamela to live with him in his house. After a short period of time, he demanded she leave the home, but she refused. He attempted to evict her, but she claimed they had a common-law marriage. Steven subsequently obtained a declaratory judgment in the 62nd Judicial District Court of Delta County finding that the parties were not common-law married. Armed with the declaratory judgment, Steven sought and obtained an order of eviction from justice court. Pamela appealed the eviction to the county court. After a trial de novo, the county court denied Pamela's appeal and affirmed the eviction.

*(1)     Pamela Is Not Entitled to Stay in Possession During this Appeal*

Pamela contends that the county court erred because she was entitled to stay in possession of the property during the pendency of appeal. In fact, Pamela refers to her appeal to this Court of a declaratory judgment declaring that she and Steven are not common-law married, our cause number 06-13-00024-CV, which was pending at the time of the eviction proceedings

and which has since become final, affirming the trial court's ruling that the pair are not common-law married. *See Burden v. Burden*, 420 S.W.3d 305 (Tex. App.—Texarkana 2013, no pet.).[1]

In support of her argument, Pamela cites Texas Rules of Civil Procedure 749(b) and (c), which were repealed effective August 31, 2013, and set out in Rule 510.9. The relevant portion of the rule states that, by following a specified procedure, "A defendant who appeals an eviction for nonpayment of rent by filing a sworn statement of inability to pay is entitled to stay in possession of the premises during the pendency of the appeal . . . ." TEX. R. CIV. P. 510.9(c)(5)(B).

Pamela contends that she is entitled to stay in possession until this Court has ruled on her appeal from the district court's declaratory judgment that Pamela and Steven are not common-law spouses. There are a number of problems with that position.

First, that declaratory judgment is no longer on appeal. On December 31, 2013, we issued our opinion affirming the declaration that there was no common-law marriage, and our mandate issued March 19, 2014. Second, the appeal Pamela hoped to use to stay in possession was not from an eviction for nonpayment of rent, as required by the Rule. Third, while Rule 510.9(c) allows a qualifying defendant to stay in possession of property during an appeal, the Rule applies, by its terms, to the appeal of an eviction from justice court to county court. *See* TEX. R. CIV. P. 510.9(c)(3)–(4), 510.10. Pamela is not entitled to continue in possession pending any current appeal.

---

[1]Pamela's brief states that Steven has repeatedly tried to evict her "from their home before a decision is rendered by the Sixth Court of Appeals, Texarkana, Texas, on proof of the existence of an informal or common-law marriage" and that the trial court erred in awarding the premises to Steven "while they had an appeal in motion in appeal court."

*(2)      The Lack of a Common-Law Marriage Has Been Established*

Pamela also argues that the trial court abused its discretion because the evidence is insufficient to support eviction in the face of evidence that Pamela and Steven are married in common law.  This point of error is moot because we have already affirmed the district court's declaratory judgment that Steven and Pamela were not common-law married and that is final. *See Burden*, 420 S.W.3d 305.

*(3)      Pamela Has Not Established the Lack of a Fair Trial*

Finally, Pamela contends that she "was denied a fair trial due to lack of legal representation."  She claims that she "was unable to obtain legal representation but has sufficient legal evidence to show existence of an informal or common-law marriage and has filed all documents pro se.  Evidence was not properly submitted due to an oversight in her pro se representation . . . ."  No evidence in this record demonstrates the denial of a fair trial. Additionally, these complaints are inadequately briefed on appeal, as Pamela fails to present legal analysis, argument, or citation to the record in support of her contentions. *See* TEX. R. APP. P. 38.1(i).

We affirm the county court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:      May 6, 2014
Date Decided:        July 17, 2014


4