

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00080-CV

IN THE INTEREST OF C.Z., A CHILD

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 73419L1, Honorable James W. Anderson, Presiding

July 22, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

R.Z., the alleged father[1] of C.Z., filed a notice of appeal challenging the trial court's

February 5, 2019 final order terminating any parental-child relationship between R.Z. and

C.Z.[2]  Appellee is the Texas Department of Family and Protective Services.  R.Z.'s court-

---

[1] "'Alleged father' means a man who . . . is alleged to be, the genetic father or a possible genetic father of a child, but whose paternity has not been determined."  TEX. FAM. CODE ANN. § 101.0015(a) (West 2019).  In its original petition, the Department alleged R.Z. was the alleged father of C.Z.

[2] We identify the mother, the alleged father, and the child by alias and initials to protect the privacy of the child.  See TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018); TEX. R. APP. P. 9.8(b)(2).  The mother of C.Z. was also a party to the Department's suit and her parental rights were terminated by the final order.  She did not appeal.

appointed attorney has filed a motion to withdraw supported by an *Anders* brief.[3] We will take no action on counsel's motion to withdraw and will affirm the final order of the trial court.

## Background

The Department's case against R.Z. and the mother was tried to the bench on December 12, 2018. Neither the mother nor R.Z. appeared for the final hearing but each was represented at the hearing by court-appointed counsel.[4] The final hearing was brief.

The testimony of a Department investigator showed C.Z. was born in July 2014. The investigator further testified when he met with the mother she admitted using methamphetamine two days earlier and selling the drug from her home the previous week. The Department was appointed C.Z.'s temporary managing conservator in February 2018 and at the time of final hearing the child was in a relative placement. A Department caseworker testified C.Z. was "thriving" in placement and the relatives wanted to adopt C.Z.

The investigator testified he spoke with R.Z. by telephone and asked him to take a drug screen. He refused, explaining he was on the way to Oklahoma for work, but added he would contact the investigator on the upcoming Friday. When R.Z. did not contact the investigator as agreed, the investigator called R.Z. According to the

---

[3] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] At the outset of the final hearing, R.Z.'s counsel advised the court regarding her client's notice of the hearing. Counsel told the court R.Z.'s sister, the child's placement, was present and "she says he knows about it."

investigator, R.Z. told him he was unable to call because his phone was broken. The investigator further testified he had no further contact with R.Z.

The caseworker testified the Department prepared a service plan for R.Z. which became the order of the court in April 2018. The caseworker further testified that R.Z. completed none of the required services, had not contacted her since the day the service plan was developed, had not visited C.Z., and tested positive for methamphetamines and amphetamines through his only test during the case.

The caseworker answered affirmatively when asked by C.Z.'s attorney ad litem and guardian ad litem if R.Z. was C.Z's alleged father and if she had requested a paternity registry search. The caseworker further testified she had received, and filed with the court, a negative paternity registry search report. The trial court then judicially noticed the paternity registry search filed in the clerk's record.

After the parties rested and closed the trial court orally rendered judgment terminating any parental rights of R.Z. to C.Z., based on Family Code section 161.002(b)(2), which provides, "The rights of an alleged father may be terminated if . . . the child is over one year of age at the time the petition for termination of the parent-child relationship or for adoption is filed, he has not registered with the paternity registry under Chapter 160, and after the exercise of due diligence by the petitioner: (A) his identity and location are unknown; or (B) his identity is known but he cannot be located." TEX. FAM. CODE ANN. § 161.002(b)(2) (West Supp. 2018). By motion filed January 17, 2019, with no apparent objection, the Department made the trial court aware that R.Z. had been

3

served with citation in the case[5] and requested the trial court "clarify" the grounds for termination of C.Z.'s parental rights. The court granted the Department's motion by order signed February 5, 2019, ordering that R.Z.'s parental-rights termination was based on Family Code section 161.002(b)(1). That subsection provides, "The rights of an alleged father may be terminated if after being served with citation, he does not respond by timely filing an admission of paternity or a counterclaim for paternity under Chapter 160[.]" TEX. FAM. CODE ANN. § 161.002(b)(1). The same day, the trial court signed the final order, terminating R.Z.'s parental rights under section 161.002(b)(1).

Analysis

Counsel's *Anders* brief presents a professional evaluation of the record supporting her opinion there are no arguable grounds for appeal. *Anders,* 386 U.S. at 744-45. We find counsel's motion to withdraw and brief meet the requirements of *Anders.* Counsel also has demonstrated she provided a copy of her brief and the record to R.Z. and notified him of his right to file a pro se response if he desired. *Kelly v. State,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). By letter from the clerk of this court, we also notified R.Z. of his opportunity to respond to counsel's brief. He did not file a response.

When presented with a motion to withdraw supported by an *Anders* brief we are required to independently examine the entire record and decide whether counsel has correctly determined the record does not present an arguable ground for appeal. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *In re A.W.T.,* 61 S.W.3d 87, 89

---

[5] The return of service contained in the clerk's record indicates R.Z. was served by personal service on April 9, 2018.

(Tex. App.—Amarillo 2001, no pet.). We have carefully reviewed the record and counsel's *Anders* brief and agree with counsel that the record presents no arguable grounds for appeal. *In re K.R.C.,* 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.).

In particular, we have considered whether the record supports an arguably meritorious contention R.Z.'s signature on the family service plan contained in the clerk's record constitutes an effective admission of paternity, negating termination of his parental rights under section 161.002(b)(1). We conclude the record does not raise an arguably meritorious issue on that point. *In re O.R.M.,* 559 S.W.3d 738 (Tex. App.—El Paso 2018, no pet.).

The trial court's final order terminating any parental rights of R.Z. to C.Z. is affirmed. We take no action on counsel's motion to withdraw but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. *In re P.M.,* 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).

James T. Campbell
Justice