

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00408-CV

Belinda **ORTIZ**,
Appellant

v.

Miguel Angel **MARTINEZ**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI14579
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:      Rebeca C. Martinez, Chief Justice
              Irene Rios, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: July 28, 2021

AFFIRMED

This appeal arises from a divorce proceeding. Belinda Ortiz appeals a final summary judgment that the trial court rendered in favor of Miguel Angel Martinez. The trial court granted Martinez's summary judgment motion, which argued he and Ortiz did not have a common law marriage, as Ortiz alleged. Because Ortiz did not present evidence raising a fact issue as to the existence of a common law marriage, we affirm the trial court's judgment.

## BACKGROUND

In 2019, Ortiz filed a petition for divorce. Ortiz alleged that she and Martinez had a common law marriage, starting in or around June of 2006, and they stopped living together as spouses in July 2019. Ortiz sought a divorce on the grounds of insupportability, adultery, and cruel treatment, and she requested a division of the community property. Martinez filed an answer, specifically denying that he and Ortiz were married.

Martinez also filed a traditional and no-evidence motion for summary judgment. In support of the traditional grounds, Martinez produced tax returns, deeds, excerpts from testimony at a prior hearing, and over fifteen affidavits stating he and Ortiz did not have a common law marriage. Martinez argued that the evidence established the absence of a common law marriage and, conversely, Ortiz had no evidence to show she and Martinez had a common law marriage.

Ortiz filed a response. She also attached tax records, as well as two affidavits. Although Ortiz's summary judgment response identified the exhibits attached to her response, the two-page response did not describe the evidence or argue how the evidence raised a fact issue. The tax documents Ortiz produced show that Martinez referred to Ortiz's child as his stepchild. The two affidavits were executed by Ortiz's brother and sister. The affidavits state Martinez referred to them as his brother-in-law and sister-in-law, respectively.

The trial court granted Martinez's motion for summary judgment without specifying the grounds, and it rendered a final summary judgment dismissing Ortiz's divorce petition with prejudice. Ortiz filed a timely notice of appeal.

## STANDARD OF REVIEW

We review summary judgments de novo. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). "Where, as here, a trial court does not specify the grounds on which it granted the motion for summary judgment, we must affirm if any of the grounds asserted

in the motion are meritorious." *Id.* "Further, when the motion asserts both no-evidence and traditional grounds, we first review the no-evidence grounds." *Id.* "If the nonmovant fails to produce more than a scintilla of evidence on the essential elements of a cause of action challenged by a no-evidence motion, there is no need to analyze the movant's traditional grounds for summary judgment." *Id.* at 680–81. To prevail on a traditional summary judgment motion, however, the movant must show that it is entitled to judgment as a matter of law because there is no genuine issue of material fact." *Id.* at 681.

### COMMON LAW MARRIAGE

In Texas, a common law marriage has three requirements: (1) the parties agreed to be married; (2) thereafter, the parties lived together in Texas as spouses; and (3) the parties represented to others that they were married. *See* TEX. FAM. CODE § 2.401(a)(2). "To establish that the parties agreed to be married, it must be shown that they intended to create an immediate and permanent marriage relationship, not merely a temporary cohabitation that may be ended by either party." *In re O.R.M.*, 559 S.W.3d 738, 744 (Tex. App.—El Paso 2018, no pet.). An agreement to be married may be established by direct or circumstantial evidence. *See id.* Although cohabitation and representations to others are relevant to show an agreement to be married, more is required to prove the parties' agreement to be married, which is a separate statutory requirement that "cannot be inferred from the mere evidence of cohabitation and representations of marriage to others." *Id.*; *see* TEX. FAM. CODE § 2.401(a)(2) (requiring an "agree[ment] to be married and after the agreement they lived together in this state as [spouses] and there represented to others that they were married").

Because Martinez filed a traditional and no-evidence motion for summary judgment, the trial court was entitled to consider the no-evidence grounds first. *See Hansen*, 525 S.W.3d at 680. Under our summary judgment standards, there was no need to analyze Martinez's traditional

grounds for summary judgment if Ortiz failed to produce more than a scintilla of evidence on the essential elements of a common law marriage. *See id.* In her summary judgment response, Ortiz merely showed that Martinez had referred to Ortiz's family members as his "in laws." This evidence shows Martinez's representations to others, but an agreement to be married "cannot be inferred from the mere evidence of . . . representations of marriage to others." *See O.R.M.*, 559 S.W.3d at 744.

After briefly setting out the standard of review and procedural history, Ortiz's response to the no-evidence summary judgment motion simply identified exhibits attached to her response:

> Non-Movant claims a genuine issue of material fact as to Movant's common law marriage claim and requests an incorporation by reference of selected pages from Movant's summary judgment evidence of his tax returns. Non-Movant also seeks to include the proposed Temporary Orders and Judge's Notes from August 12, 2019. Furthermore, Non-Movant will also include two affidavits as summary judgment evidence, referenced in an appendix attached hereto, filed with this response and incorporated by reference for all purposes as if recited verbatim herein.

"When presenting summary judgment evidence, a party must identify the supporting proof that it intends the trial court to consider," but more is required. *See Hinojosa v. Koen*, No. 04-18-00907-CV, 2019 WL 5773672, at *3 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.).

Attaching documents to a summary judgment response and "referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the motion or response are raised." *Id.* (quotation marks omitted). "General references to the summary judgment record are inadequate to meet the party's evidentiary burden." *Id.* "When a summary judgment respondent fails to direct the [trial] court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment." *Id.* (quotation marks omitted). "A trial court is not required to wade through the record to marshal a party's proof." *Id.* Because Ortiz's summary judgment response merely identified the documents

attached to her response and referenced them only generally, we hold the trial court correctly concluded Ortiz failed to satisfy her summary judgment burden to respond to Martinez's no-evidence motion with evidence raising a fact issue that Ortiz and Martinez intended to create an immediate and permanent marriage relationship, which is required for a common law marriage.

On appeal, Ortiz relies almost exclusively on evidence that Martinez presented in support of his traditional summary judgment grounds, arguing she met her burden to respond to Martinez's no-evidence grounds. However, when a no-evidence summary judgment motion is filed and states the elements as to which there is no evidence, the trial court "must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). And when, as here, a non-movant responds to a no-evidence motion for summary judgment, does not produce sufficient evidence, and does not refer the trial court to evidence produced by the movant, we may not consider the movant's evidence in our appellate review of the no-evidence grounds. *See Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858, at *4 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.) (discussing *Viasana v. Ward County*, 296 S.W.3d 652, 655 (Tex. App.—El Paso 2009, no pet.), and *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App–Houston [1st Dist.] 2008, no pet.)); *see also Murray v. Hondo Nat'l Bank*, No. 04-19-00408-CV, 2020 WL 5646931, at *2 (Tex. App.—San Antonio Sept. 23, 2020, no pet.) (mem. op.) (holding that a no-evidence motion was properly granted when the response attached evidence but did not identify what evidence raised a fact issue). Because Ortiz failed to produce more than a scintilla of evidence on the essential elements of a common law marriage, as challenged by Martinez's no-evidence motion, there is no need to analyze Martinez's traditional grounds to determine whether he satisfied his traditional summary judgment burden. *See Hansen*, 525 S.W.3d at 680–81.

**CONCLUSION**

Martinez filed a no-evidence motion for summary judgment that required Ortiz to respond with evidence raising a fact issue as to the existence of a common law marriage. Because the evidence Ortiz produced in her response failed to raise a fact issue as to all essential elements of a common law marriage, which she alleged to support her petition for divorce, we affirm the trial court's judgment dismissing Ortiz's petition with prejudice.

Irene Rios, Justice