

# NUMBER 13-20-00202-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF THE MARRIAGE OF CRYSTAL GAYLE CALDWELL-BAYS AND MARVIN BAYS

On appeal from the 451st District Court
of Kendall County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Crystal Gayle Caldwell-Bays appeals from the trial court's granting of a motion for partial summary judgment in favor of appellee Marvin Bays[1], concluding that there was no agreement to be married between the parties, and therefore no informal marriage existed as a matter of law. In her sole issue, Crystal argues that the trial court

---

[1] In their appellate briefing, the parties refer to Marvin Bays as "Joe," which appears to be his middle name. To maintain consistency with the appealable order, we refer to appellee as "Marvin" throughout this memorandum opinion.

erred because "a genuine issue of material fact exists as to [Marvin] and Crystal's agreement to be married." We reverse and remand.

## I. BACKGROUND[2]

Crystal and Marvin were previously ceremonially married and divorced. A final decree of divorce was entered in January 2014. After their divorce, Crystal and Marvin reinitiated their relationship. The relationship subsequently became "insupportable," and Crystal petitioned for divorce in May 2016, alleging that she and Marvin had "reentered a common law marriage on or about December 14, 2014[,] and ceased to live together as a married couple on or about the time of filing" the petition for divorce.

Marvin answered and filed a counter-petition in a suit affecting the parent-child relationship.[3] In his answer, Marvin entered a general denial, stating that "there is no existing marriage between the parties." Marvin then filed his no-evidence summary judgment seeking to dismiss the divorce petition arguing that an informal marriage did not

---

[2] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[3] Crystal's notice of appeal states that she is appealing from the trial court's orders:

(1) Adjudicating Parentage In Suit Affecting Parent-Child Relationship; Denying Existence of Informal Marriage; Denying Existence of Putative marriage; and Denying Existence of Express Trust signed by the Court on January 8, 2020;

(2) Granting Marvin Bays' Motion for Partial Summary Judgment signed by the Court on May 30, 2018;

(3) Granting Marvin Bays' No-Evidence Motion for Partial Summary Judgment on Crystal Gayle Caldwell-Bays' Claim of Putative Marriage signed by the Court on August 24, 2018; and

(4) Granting Marvin Bays' No-Evidence Motion for Partial Summary Judgment on Crystal Gayle Caldwell-Bays' Claim of Express Trust signed by the Court on August 24, 2018.

The trial court's orders disposed of all of the claims between the parties, however, Crystal's sole issue on appeal challenges only the trial court's ruling on her informal marriage claim. As such, we do not address the additional rulings in this memorandum opinion.

exist between himself and Crystal, and there was no evidence of any agreement to be married. Crystal responded to Marvin's motion and attached "affidavits, discovery, documentary evidence, and [her] pleadings." In her own affidavit, Crystal avers in part that: "On or about December 14, 2014, [she] went to the residence of [Marvin] to see [their] children. [She and Marvin] reconciled and at that time [Marvin] and [Crystal] made an agreement to be married." She stated that they began to live together after that and that they represented themselves to be married. Crystal also included affidavits from other people who supported Crystal's contention that she and Marvin represented themselves to others as married and resided together. Her "documentary evidence" included an e-mail from Marvin to his son's teacher referring to Crystal as his wife. Crystal then filed a supplemental response to Marvin's no-evidence summary judgment motion, attaching additional documents including medical records, deposition excerpts, and various documents purporting to support her position that an informal marriage existed.

Marvin objected to most of Crystal's summary judgment evidence and filed a subsequent reply to Crystal's responses to his no-evidence summary judgment motion arguing that Crystal "did not produce a scintilla of evidence that the parties agreed to be married." The trial court denied Marvin's no-evidence summary judgment motion.

Additional pleadings were filed by both parties. On April 26, 2018, Marvin filed his traditional motion for partial summary judgment, asserting that Crystal failed to show that she and Marvin agreed to be married. Crystal filed a motion requesting a hearing to have the newly filed summary judgment motion stricken from the docket, contending that the same argument was being raised from the first summary judgment, which was denied. On May 24, 2018, Crystal filed her response to Marvin's motion for partial summary

judgment and attached several exhibits. A hearing on the motion was held on May 30, 2018. The trial court took the matter under advisement and subsequently granted Marvin's motion. This appeal followed.

## II. SUMMARY JUDGMENT

By her sole issue, Crystal challenges the trial court's granting of Marvin's partial summary judgment arguing that "a genuine issue of material fact exists as to [Marvin] and Crystal's agreement to be married."

### A. Standard of Review & Applicable Law

On appeal, we review a summary judgment de novo to determine whether a party's right to prevail has been established as a matter of law. *Stancu v. Stalcup*, 127 S.W.3d 429, 431–32 (Tex. App.—Dallas 2004, no pet.). Under the standards for a traditional motion for summary judgment, the movant must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When a party appeals a traditional motion for summary judgment, the issue we decide is whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gonzalez v. Mission Am. Ins.*, 795 S.W.2d 734, 736 (Tex. 1990). When a defendant moves for a traditional summary judgment, he must disprove, as a matter of law, one of the essential elements of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). When a party moves for summary judgment on multiple grounds and the trial court order grants summary judgment without specifying the grounds relied upon, the party appealing that order must negate all possible grounds upon which the order could have been based, or the judgment must be affirmed on any of the grounds not complained of. *Star-Telegram, Inc. v. Doe*,

915 S.W.2d 471, 473 (Tex. 1995); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). In reviewing a traditional summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

## B.	Timeliness of Summary Judgment Response

We first address Marvin's contention that Crystal's response to his summary judgment motion was not timely filed and therefore any evidence attached thereto cannot be considered. Pursuant to Texas Rule of Civil Procedure 166a(c), Crystal had until May 23, 2018, seven days before the hearing on Marvin's motion for summary judgment, to file either (1) a response to the motion or (2) a motion for leave to file the response out of time. TEX. R. CIV. P. 166a(c). Rule 166a(c) provides, in pertinent part, that, "except on leave of court, the adverse party, not later than seven days prior to the date of the hearing may file and serve opposing affidavits or other written responses." *Id*.

Per her request and an oral order of the trial court at a prior hearing, Crystal was granted until "[n]oon [on] the 24th" to file her reply. Crystal's response to Marvin's summary judgment motion was filed at 6:57 p.m. on May 24, 2018.

> "[W]here nothing appears of record to indicate that late filing of a summary judgment response was with leave of court, it is presumed [the] trial court did not consider the response." Courts of appeals considering whether a trial court granted leave commonly—and correctly—examine the record for "an affirmative indication that the trial court permitted the late filing." That indication may arise from "a separate order, a recital in the summary judgment, or an oral ruling contained in the reporter's record of the summary judgment hearing." So while a "silent record" on appeal supports the presumption "that the trial court did not grant leave," courts should examine whether the record "affirmatively indicates" the late-filed response was "accepted or considered."

*B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259–60 (Tex. 2020) (internal citations omitted). In our review of the summary judgment hearing, we note there are several references to, and discussions of, Crystal's summary judgment response and evidence attached thereto. Further, the trial court asks questions of the parties regarding the evidence and discusses some of the cases presented in Crystal's response, which indicates that it considered the evidence presented by both parties. *See id*. at 260. Accordingly, we find this to be an "affirmative indication" that the trial court considered Crystal's summary judgment response and the evidence attached to it. Therefore, we reject Marvin's untimeliness argument and consider Crystal's response in our determination.

## C.     Informal Marriage

In Texas, a common law marriage has three requirements: (1) the parties agreed to be married; (2) thereafter, the parties lived together in Texas as spouses; and (3) the parties represented to others that they were married. TEX. FAM. CODE ANN. § 2.401(a)(2). There is no dispute that the parties lived together or that they represented to others that they were married; rather, the subject of Marvin's summary judgment motion was whether Crystal established that there was an agreement to be married. "To establish that the parties agreed to be married, it must be shown that they intended to create an immediate and permanent marriage relationship, not merely a temporary cohabitation that may be ended by either party." *In re O.R.M.*, 559 S.W.3d 738, 744 (Tex. App.—El Paso 2018, no pet.). An agreement to be married may be established by direct or circumstantial evidence. *See id*. Although cohabitation and representations to others are relevant to show an agreement to be married, more is required to prove the parties' agreement to be

6

married, which is a separate statutory requirement that "cannot be inferred from the mere evidence of cohabitation and representations of marriage to others." *Id*.; *see* TEX. FAM. CODE ANN. § 2.401(a)(2) (requiring an "agree[ment] to be married and after the agreement they lived together in this state as [spouses] and there represented to others that they were married").

Crystal argues that she raised a genuine issue of material fact through both direct and circumstantial evidence. The testimony of one party that they agreed to be married is more than a scintilla of evidence that the two agreed to be married. *Eris v. Phares*, 39 S.W.3d 708, 714 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Additionally, "[p]roof of cohabitation and representations to others that the couple are married may constitute circumstantial evidence of an agreement to be married." *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993). Crystal argues that her affidavit, sworn declaration, and deposition testimony in which she states that she and Marvin agreed to be married raises a fact issue as to whether she and Marvin agreed to be married. *See Eris*, 39 S.W.3d at 714; *see also Ballesteros v. Jones*, 985 S.W.2d 485, 490 (Tex. App.—San Antonio 1998, pet. denied) (concluding that alleged wife's testimony that she and alleged husband had entered into an agreement to be married was some evidence of the required agreement to be married).

Marvin argues Crystal failed to raise a fact issue on this element because she initially claimed that she and Marvin were married by agreement on December 14, 2014, but that "she later acknowledged [Marvin] did not have the intent to agree to an informal marriage on that date." Marvin is specifically referring to a portion of Crystal's "8th Amended/Supplemental Response to Request for Disclosure"; however, Marvin neglected to include that the statement he is referring to was part of Crystal's alternative

7

putative marriage claim. In that claim, Crystal indicates that if the trial court found that Marvin had no intent to agree to be married, she would argue that *alternatively* they entered into an "attempted informal (common-law) marriage," or putative marriage. "Parties may plead conflicting claims and defenses in the alternative so long as they have a 'reasonable basis in fact [and] law.'" *JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 164 (Tex. 2015) (quoting *Low v. Henry*, 221 S.W.3d 609, 615 (Tex. 2007)). Accordingly, we disagree with Marvin that this is an acknowledgment on behalf of Crystal that Marvin did not intend to enter an agreement to be married.

Marvin compares this case to *Sinatra v. Sinatra*, wherein the couple had been ceremonially married and then divorced but continued their relationship. *See* No. 13-14-00565-CV, 2016 WL 4040290, at *1 (Tex. App.—Corpus Christi–Edinburg July 28, 2016, pet. denied) (mem. op.). When the relationship dissolved, the alleged wife in *Sinatra* filed a divorce petition, alleging the couple had entered a common-law marriage. *Id*. The estate of the alleged husband challenged the agreement element, and this Court held that the agreement element was not met where the alleged wife believed there was a common-law marriage simply because the relationship did not change after the divorce, and she did not testify that they agreed to be remarried. *Id*. at *2–3. Here, unlike the alleged wife in *Sinatra*, Crystal specifically testified that she and Marvin agreed to be remarried. Marvin relies on Crystal's deposition testimony to argue that Crystal could not provide a date when the parties agreed to be remarried or testify that they reached an agreement, rather Crystal only referred to the way their relationship continued after the divorce. Marvin specifically discusses Crystal's deposition testimony where she says that Marvin did not specifically say "I agree we are husband and wife," stating "We never had that

8

conversation—about what you said. It didn't go like that." However, Marvin does not direct this Court to any requirement that there be a specific date or exact words used to agree to be married; conversely, it has been well established that the agreement can be proven through direct or circumstantial evidence that shows the parties "intended to have a present, immediate, and permanent marital relationship and that they did in fact agree to be husband and wife." *Eris*, 39 S.W.3d at 714; *see also Russell*, 865 S.W.2d at 933. Simply because Crystal testified that she and Marvin never specifically stated the exact words "I agree we are husband and wife," does not mean there was no agreement between them. Accordingly, we cannot agree with Marvin that Crystal's deposition testimony proves there was no agreement to be married.

Marvin also argues that even if Crystal asserts that there was an agreement to be married, the evidence showing an agreement to be married must be from both parties. *See Gary v. Gary*, 490 S.W.2d 929, 932 (Tex. App.—Tyler 1973, writ ref'd n.r.e.). Although we agree with this proposition, we find that there is some evidence indicating that Marvin agreed to be married. First, Crystal stated in her sworn declaration that upon their agreement to remarry, Marvin set the expectations for her as his wife and that Marvin told her that she was "his wife." She further stated that he repaired her wedding ring that had previously been broken and returned it to her for her to wear. Second, the record contains an email Marvin wrote to one of his child's teachers in September 2015, wherein Marvin informs the teacher that his "wife" gave birth that morning. The evidence also shows that Marvin sent Crystal a text message in July 2015 asking: "How is my beautiful wife?" Thus, there is some evidence that Marvin agreed to be married. We conclude the evidence raises a fact issue as to whether Crystal and Marvin had a present agreement

9

to be married. *See Eris*, 39 S.W.3d at 714; *see also Martinez v. Furmanite Am. Inc.*, No. 04-17-00318-CV, 2018 WL 4469973, at *5 (Tex. App.—San Antonio Sept. 19, 2018, pet. denied) (mem. op.) (concluding that evidence of a fact issue existed where alleged wife testified that there was an agreement to be married and presented evidence that alleged husband treated her as his wife).

Because the evidence raises a fact issue on the challenged agreement element of common law marriage, we sustain Crystal's sole issue.

### III.    CONCLUSION

We reverse the trial court's judgment insofar as it dismissed Crystal's claim of an informal marriage and remand for proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
26th day of August, 2021